Alex De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
**DE CASTROVERDE LAW GROUP**
1149 South Maryland Pkwy
Las Vegas, NV 89104
Tel. 702.383.0606
Fax 702.383.8741
Email: alex@decastrovedelaw.com
Email: orlando@decastroverdelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SADIYYAH ABDULLAH,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., DOES I-V and ROE CORPORATIONS VI-X, inclusive,<br><br>Defendants. | CASE NO.: 2:17-CV-02647<br><br>**STIPULATION AND ORDER REGARDING THE RULE 35 EXAMINATION OF PLAINTIFF** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties of record, Orlando De Castroverde, Esq. of DE CASTROVERDE LAW GROUP, on behalf of Plaintiff SADIYYAH ABDULLAH; Betsy C. Jefferis, Esq. of PHILLIPS SPALLAS & ANGSTADT on behalf of Defendant WAL-MART STORES, INC., to the following terms and conditions for the Rule 35 medical examination of SADIYYAH ABDULLAH by Dr. Jeffrey Wang.

1. The examination shall be limited exclusively to Plaintiff's medical conditions that are in controversy in this particular action;

2. The designated physician shall not ask any questions which are not normally a part of a customary medical examination (e.g. liability, potential monetary recovery, professional criticisms, Plaintiff's motivation for or willingness to pursue the claim, Plaintiff's intentions/thoughts regarding potential monetary recovery, past settlements).

//

3. No x-rays, CT scans or MRI's shall be performed during the examination unless advance permission is sought and approved in writing;

4. No mental or psychological examinations of Plaintiff shall be allowed;

5. Any paperwork or forms that Defendant's designated physician expects Plaintiff to fill out and/or sign at the time of the Rule 35 medical examination, shall be submitted to Plaintiff's counsel for her review and approval a minimum of 5 days prior to the examination.

6. The examination will be limited to the date and time agreed to by counsel. The designated physician shall not contact Plaintiff before or after the examination.

7. The designated physician may not engage in ex parte contact with Plaintiff's health care providers or other experts.

8. Plaintiff will not bring any medical records or films to the exam, as Defense counsel may provide these to the designated physician.

9. Both parties are permitted to audio record the examination if they so choose.

10. Defense Counsel shall provide the designated physician with a copy of these terms and advise the designated physician that the examination is contingent on the physician adhering to each and every rule.

11. Within ten (10) days of receipt by Defense Counsel, or by the initial expert deadline, whichever is sooner, Defense Counsel shall provide Plaintiff's Counsel with a copy of all reports and writings generated by the examining physician and/or the physician's staff regarding this matter, including, but not limited to: A copy of a detailed written report setting forth history, examination, findings, all diagnoses, all prognoses, all conclusions of the examining physician, and all records reviewed.

12. Plaintiff shall not pay or incur any fee, unless she does not use her best efforts to appear at the office of the examining physician at the scheduled time; and

///
///
///

14.     Unless the examination begins within 30 (thirty) minutes of the scheduled start time, the Plaintiff shall have the right to leave without penalty.

DATED this 2 day of February, 2018.            DATED this 2 day of February, 2018.

**DE CASTROVERDE LAW GROUP**              **PHILLIPS, SPALLAS & ANGSTADT LLC**

By: /s/ Kimberly Valentin                  By: /s/ Betsy Jefferis
Kimberly Valentin                          Betsy C. Jefferis
Nevada Bar No. 12509                       Nevada Bar No. 12980
1149 S. Maryland Pkwy.                     504 S. Ninth Street
Las Vegas, Nevada 89104                    Las Vegas, NV 89101
*Attorney for Plaintiff*                   *Attorney for Defendant*

## ORDER

**IT IS SO ORDERED** that the examination shall be limited exclusively to Plaintiff's medical conditions that are in controversy in this particular action.

**IT IS SO ORDERED** that the designated physician shall not ask any questions which are not normally a part of a customary medical examination (e.g. liability, potential monetary recovery, professional criticisms, Plaintiff's motivation for or willingness to pursue the claim, Plaintiff's intentions/thoughts regarding potential monetary recovery, past settlements).

**IT IS SO ORDERED** that no x-rays, CT scans or MRI's shall be performed during the examination unless advance permission is sought and approved in writing.

**IT IS SO ORDERED** that no mental or psychological examinations of Plaintiff shall be allowed.

**IT IS SO ORDERED** that any paperwork or forms that Defendant's designated physician expects Plaintiff to fill out and/or sign at the time of the Rule 35 medical examination, shall be submitted to Plaintiff's counsel for his/her review and approval a minimum of 5 days prior to the examination.

**IT IS SO ORDERED** that the examination will be limited to the date and time agreed to by counsel. The designated physician shall not contact Plaintiff before or after the examination.

**IT IS SO ORDERED** that the designated physician may not engage in ex parte contact with Plaintiff's health care providers or other experts.

**IT IS SO ORDERED** that the Plaintiff will not bring any medical records or films to the exam, as Defense counsel may provide these to the designated physician.

**IT IS SO ORDERED** that both parties are permitted to audio record the examination if they so choose.

**IT IS SO ORDERED** that Defense Counsel shall provide the designated physician with a copy of these terms and advise the designated physician that the examination is contingent on the physician adhering to each and every rule.

**IT IS SO ORDERED** that within ten (10) days of receipt by Defense Counsel, or by the initial expert deadline, whichever is sooner, Defense Counsel shall provide Plaintiff's Counsel with a copy of all reports and writings generated by the examining physician and/or the physician's staff regarding this matter, including, but not limited to: A copy of a detailed written report setting forth history, examination, findings, all diagnoses, all prognoses, all conclusions of the examining physician, and all records reviewed.

**IT IS SO ORDERED** that Plaintiff shall not pay or incur any fee, unless she does not use her best efforts to appear at the office of the examining physician at the scheduled time; and

**IT IS SO ORDERED** unless the examination begins within 30 (thirty) minutes of the scheduled start time, the Plaintiff shall have the right to leave without penalty.

Dated this 6th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

**DE CASTROVERDE LAW GROUP**

By: /s/ Kimberly Valentin
Kimberly Valentin
Nevada Bar No. 12509
1149 South Maryland Parkway
Las Vegas, Nevada 89104
Attorneys for Plaintiff